USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 28, 2016

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER

This Settlement Agreement, General Release and Waiver ("Agreement"), made this __ day of October, 2016, by and between Martin Racey ("Racey"), Kevin McDonald ("McDonald"), Alex Abreu ("Abreu"), Gary Williams ("Williams"), Craig Ryan ("Ryan"), and Angel Muñoz ("Muñoz") (Racey, McDonald, Abreu, Williams, Ryan and Muñoz, are each individually referred to herein as a "Plaintiff," and are collectively referred to herein as "Plaintiffs"), on the one hand, and Jay-Jay Cabaret Inc. d/b/a Flashdancers ("Flash"), AAM Holding Corp. d/b/a Private Eyes ("Eyes"), 59 Murray Enterprises, Inc. d/b/a New York Dolls ("Dolls"), (Flash, Eyes and Dolls are collectively referred to herein as the "Corporate Defendants"), Barry I. Lipsitz and Barry Lipsitz, Jr. (collectively referred to herein as the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as "Defendants") on the other hand (Plaintiffs and Defendants are referred to herein individually as a "Party" and collectively as the "Parties").

### WITNESSETH:

**WHEREAS**, plaintiffs Racey, McDonald, Abreu and Williams filed an action in the United States District Court, Southern District of New York, Case No. 15-CV-8228 (KPF) (the "Lawsuit"), alleging wage and hour violations by Defendants pursuant to federal and state law (the "Claims");

**WHEREAS**, following the filing of the Lawsuit, plaintiffs Ryan and Muñoz each filed a Consent to Become A Party Plaintiff in the Lawsuit.

**WHEREAS**, the Defendants dispute the issues of liability and damages in connection with the Lawsuit and Claims;

**WHEREAS**, the Parties desire by this Agreement to settle fully all differences, disputes and claims that may still exist between them, including but not limited to the Claims in the Lawsuit and any claims that could have been brought in the Lawsuit;

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement**.

A. Within twenty (20) days of the Effective Date, as defined in Paragraph 11, the Defendants shall cause to be delivered, in full and final settlement of Plaintiffs' Claims, to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006 the sum of Eighty-Five Thousand Dollars ($85,000.00) (the "Settlement Sum"), in full and final settlement of the Claims, made payable as follows:

   i. Martin Racey: $ 8,145.87
   ii. Kevin McDonald: $ 5,336.95
   iii. Alex Abreu: $ 17,415.31

      iv.    Gary Williams: $ 6,685.23
      v.    Craig Ryan: $ 13,145.75
      vi.    Angel Muñoz: $ 5,449.31
      vii.    Pelton Graham LLC, as attorneys: $ 28,821.58 ($ 732.37 allocated as expenses, $ 28,089.21 allocated as attorneys' fees)

      B.    Plaintiffs' allocation of the Settlement Sum, identified above, shall be allocated 50% to wages, from which all applicable withholdings will be deducted, and for which a W2 shall be issued, and 50% shall be allocated to interest and liquidated damages, for which an IRS Tax Form 1099 shall be issued.

      C.    Plaintiffs acknowledge and agree that, except as expressly provided in paragraph 1(A) above, Plaintiffs are not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their employees, owners, affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiffs.

      D.    Plaintiffs further acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendants that may arise from all payments received by them under this Agreement, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiffs have been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms 1099 and W-2, as appropriate, and (v) Plaintiffs shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

      E.    The Parties shall secure the dismissal of the Lawsuit, with prejudice, by Order of the Court, in a form substantially the same as Exhibit 1 hereto.

      2.    **No Admissions**. This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Plaintiffs, and Defendants expressly deny any such violation or liability. This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

      3.    **Release by Plaintiffs**. In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiffs, with the intention of binding Plaintiffs, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharge Defendants from, and hereby acknowledge full accord and satisfaction of, any and all past and

[4972-7/5121156/1]

present matters, claims, demands, causes of action, and appeals of any kind, whether at common law, pursuant to statute, ordinance or regulation, and whether arising under federal, state, local or other applicable law, that are based upon federal, state or local laws governing overtime pay, wage payments, failure to pay for all hours worked, failure to provide wage statements and/or wage notices failure to keep appropriate timekeeping and payroll records, failure to pay employment taxes, or otherwise arise out of or relate to the facts, acts, transactions, occurrence, events or omissions alleged in the Lawsuit or which could have been alleged in the Lawsuit ("Released Claims"). The Released Claims include, without limitation, claims under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing. However, nothing herein shall release or preclude (i) any claims that arise after execution of this Agreement, (ii) any claims that cannot be waived by operation of law, and/or (iii) any right to file a charge with the United States Equal Employment Opportunity Commission ("EEOC") or the National Labor Relations Board ("NLRB").

Plaintiffs agree that they will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiffs in this paragraph and will immediately return to Defendants any monies received in connection with any such judgment, decision or award.

This Agreement and the release and discharge contained in this paragraph 3 shall also apply to the Defendants' insurers, the Defendants' past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, partners, owners, shareholders, members, predecessors and successors in interest and assigns and affiliates.

4. **Press Contacts/Publicity.** Without limiting the Parties' right to file this Agreement on ECF and seek Court approval of the Agreement, the Parties, their lawyers and their agents shall not contact the press or general media regarding the Claims, or this Agreement. As used herein, "the press or general media" shall refer to and include newspapers, periodicals, magazines, online publications, and television and radio stations and programs, and any representative of the foregoing. The Parties and their lawyers may return phone calls or otherwise respond to any inquiries they receive directly from the press or general media, but in doing so will only advise of the existence of this provision, that the parties have resolved the matter to their mutual satisfaction, and direct the requesting party to the Court file without providing any further information. This provision shall not preclude the Defendants from making announcements and/or disclosure required by law. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

5. **Mutual Non-Disparagement**. The Plaintiffs and Individual Defendants agree that they will not, directly or indirectly, disparage or criticize the other Party, or encourage, induce or permit others to disparage the other Party. For the purposes of this Agreement, "disparage" includes, without limitation, comments or statements (written or otherwise) to any person or entity, including, without limitation, to the press and/or media, employees, partners or principals of the Defendants or any entity with which the Defendants has a business relationship, which is intended to or could reasonably be expected to be inconsistent with or injurious to the

[4972-7/5121156/1]

interests or the reputation of the Defendants or cause embarrassment or humiliation or otherwise cause or contribute to their being held in disrepute. A breach of this provision of this Agreement shall be deemed a material violation of this Agreement. The restriction set forth in this paragraph shall not prohibit or constrain the Parties from (a) providing truthful testimony compelled by valid legal process or their valid legal dispute resolution process or (b) enforcing their rights or remedies under this Agreement. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

6. **No Assist**. Plaintiffs represent and agree that they shall not voluntarily take any action to support, encourage or participate in any action or attempted action which names, or may in any way damage the reputation of the Defendants, the Defendants' agents, servants, representatives, employees, affiliates, parents, subsidiaries, partners, predecessors, successors in interest, assigns, shareholders, directors, or officers. If any Plaintiff is ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit which refers or relates to the Defendants, Plaintiffs are not barred from revealing factual information they may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiffs of any such judicial or agency order, inquiry or subpoena shall immediately be communicated by Plaintiffs to counsel for the Defendants telephonically, and then confirmed immediately thereafter in writing, so that the Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.

Plaintiffs represent and warrant that they are not aware of any other former independent contractors or employees of Defendants that intend to, or are in the process of, or are considering asserting any legal claims against the Defendants or their affiliates of any nature whatsoever.

7. **Professional Relationship**.

Each of the Plaintiffs agree that their professional relationship with the Defendants has been permanently and irrevocably severed. Plaintiffs agree that none of the Defendants or any affiliated entities of the Defendants, whether in the State of New York or any other State, shall have any obligation at any time in the future to employ Plaintiffs or enter into any other type of professional or business relationship with Plaintiffs. Plaintiffs agree that they will not seek employment or any other professional or business relationship with the Defendants or any affiliated entities of the Defendants, whether in the State of New York or any other State. Plaintiffs further agree that if Plaintiffs seeks employment or any other arrangement with the Defendants or any affiliated entities of the Defendants, whether in the State of New York or any other State, under which Plaintiffs would receive compensation for services performed by Plaintiffs, a rejection by the Defendants or any affiliated entities of the Defendants, whether in the State of New York or any other State, of any application or inquiry of Plaintiffs will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

8. **Forfeiture**. In the event that Plaintiffs or Plaintiffs' undersigned counsel are in material breach of this Agreement as determined by a court of competent jurisdiction, including but not limited to a breach of Paragraphs 4 – 7, Plaintiffs shall forfeit the Settlement Sum. Defendants shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum. The prevailing party of any lawsuit brought alleging a breach of the within

Agreement shall be entitled to recovery from the non-prevailing party, as determined by a court of competent jurisdiction, of the prevailing party's costs and expenses incurred in connection with such lawsuit, including reasonable attorneys' fees.

9. **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

10. **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

11. **Review and Revocation**. The Parties to this Agreement represent and warrant that they have been notified in writing that they are entitled to consult with legal counsel, that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement, and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

This Agreement will not become fully effective and enforceable until (1) the execution of this Agreement by all Parties, and (2) the filing of a written order of the Court in the Lawsuit approving the within settlement as fair and reasonable (the "Effective Date").

12. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiffs has the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

13. **Entire Agreement**. This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

14. **Severability**. If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this

Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 3 above is held to be illegal, void or unenforceable, Plaintiffs agree to promptly execute valid employment releases and waivers in favor of Defendants.

15. **Counterparts**.  This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.  Facsimile or scan copies of signatures shall be deemed originals.

16. **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions.  Any action or proceeding between the Parties shall be commenced only in the state courts located in the State of New York, and Plaintiffs and Defendants hereby submit to the exclusive jurisdiction of the state courts located in the City, County and State of New York.

17. **Successors and Assigns**.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

18. **Assignment**.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that the Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of the Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to the Defendants shall be deemed to include any such successor or successors.  The obligations of Plaintiffs hereunder shall be binding upon Plaintiffs.

19. **Waiver**.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

20. **Headings**.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

21. **Miscellaneous Provisions**.

    a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b. Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

22. **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiffs:

        Pelton Graham LLC
        111 Broadway, Suite 1503
        New York, New York 10006
        Attn: Brent Pelton, Esq.
        pelton@peltongraham.com

If to the Defendants:

        Meister Seelig & Fein LLP
        125 Park Ave., 7th Floor
        New York, NY 10017
        Attn:  Howard Davis, Esq.
        hd@msf-law.com

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald

_____

Alex Abreu

_____

Gary Williams

_____

Craig Ryan

_____

Angel Muñoz

_____

[4972-7/5121156/1]

**WHEREFORE**, the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald     *[signature]*     10.21.16

_____

Alex Abreu

_____

Gary Williams

_____

Craig Ryan

_____

Angel Muñoz

_____

{4972-7/5121156/1}

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald

_____

Alex Abreu

*/s/ Alex Abreu*
_____

Gary Williams

_____

Craig Ryan

_____

Angel Muñoz

_____

[4972-7/5121156/1]

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald

_____

Alex Abreu

_____

Gary Williams

*/s/ Gary Williams*

Craig Ryan

_____

Angel Muñoz

_____

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald

_____

Alex Abreu

_____

Gary Williams

_____

Craig Ryan

*/s/ Craig R Ryan*
_____

Angel Muñoz

_____

[4972-7/5121156/1]

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

Martin Racey

_____

Kevin McDonald

_____

Alex Abreu

_____

Gary Williams

_____

Craig Ryan

_____

Angel Muñoz

_____/s/ Angel Muñoz_____

[4972-7/5121156/1]

Jay-Jay Cabaret Inc. d/b/a Flashdancers

_____
By: Barry J. Lipsitz, Vice-President

AAM Holding Corp. d/b/a Private Eyes

_____
By: Marsha Lipsitz, President

59 Murray Enterprises, Inc. d/b/a New York Dolls

_____
By: Barry J. Lipsitz, President

Barry J. Lipsitz

_____

Barry Lipsitz, Jr.

_____

Dated:   October 28, 2016
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

[4972-7/5121156/1]